**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CRIMINAL NO. A-21-CR-223-LY** |
| § | |
| **MATTHEW NELSON TUNSTALL,** § | |
| § | |
| **Defendant.** § | |

**UNITED STATES OF AMERICA'S**
**UNOPPOSED MOTION FOR ENTRY OF MONEY JUDGMENT**

The United States of America makes this Motion for Entry of Money Judgment, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A) & (c)(1) and Title 21 U.S.C. § 853(p), and in support thereof says the following:

**I.**

On December 20, 2022, Defendant MATTHEW NELSON TUNSTALL entered a plea of guilty before Hon. Dustin M. Howell, pursuant to a written Plea Agreement (Docs. 92, 93), wherein he pled guilty to Count One of the Indictment, charging him with conspiracy to commit wire fraud and to cause false statements to the Federal Election Commission, in violation of 18 U.S.C. § 371, and Count Five of the Indictment, charging him with money laundering in violation of 18 U.S.C. § 1956. On January 13, 2023, this Court accepted his guilty plea. The Indictment included a Notice of Demand for Forfeiture giving notice to Defendant Tunstall of its intent to seek forfeiture of all property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from the charged offenses, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1). The Plea Agreement did not contain any stipulations regarding forfeiture.

The United States respectfully seeks a forfeiture money judgment in the amount of **Seven Hundred Eighty-Nine Thousand Eight Hundred Eighteen Dollars ($789,818)**, which represents the properties involved in and/or the amount of proceeds traceable, directly or indirectly to the violations set forth in Counts One and Five for which Defendant MATTHEW NELSON TUNSTALL is liable (the "Subject Money Judgment").

**II.**

Pursuant to Fed. R. Crim. P. 32.2(c)(1), ancillary proceedings are not required for money judgments of forfeiture. *See* Fed. R. Crim. P. 32.2(c)(1) (providing that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment").

As such, the effect of Fed. R. Crim. P. 32.2(c)(1) on a money judgment is tantamount to a Final Judgment of Forfeiture in cases where a criminal forfeiture consists only of a money judgment.

**III.**

Plaintiff, United States of America, moves the Court to find that the United States has proven by a preponderance of the evidence, by virtue of the Plea Agreement with Factual Basis contained therein, and the attached Affidavit of Susan E. Ball, that the Subject Money Judgment represents the value of the proceeds obtained from the violations of Title 18 U.S.C. §§ 371 and 1956 by Defendant MATTHEW NELSON TUNSTALL.

Plaintiff, United States of America, further moves the Court for an entry of the Subject Money Judgment which forfeits all right, title, and interest of Defendant MATTHEW NELSON TUNSTALL in said Money Judgment.

## IV.

Plaintiff, United States of America, further moves the Court to find that the Subject Money Judgment is a criminal monetary penalty under Condition(s) 14, 15, and 16 of the United States, Western District of Texas Conditions of Probation and Supervised Release.

Accordingly, Plaintiff, United States of America, further moves that should the Court assess a term of probation or supervised release, that Defendant MATTHEW NELSON TUNSTALL shall pay said money judgment in accordance with a schedule of payments established by the United States Probation Office to commence after all other criminal debt has been satisfied pursuant to Title 18 U.S.C. §§ 3612(c), 3663(c)(5), and 3664(j).

Accordingly, Plaintiff, United States of America, further moves that the Court order that Defendant MATTHEW NELSON TUNSTALL make payments by money order or certified check made payable to the United States Marshals Service and shall include the case number of the instant cause on all money orders or certified checks, which in this case is A-21-CR-223-LY, and said payments shall be sent to:

**United States Attorney's Office**
**Attn: Asset Forfeiture Unit**
**903 San Jacinto Blvd., Suite 334**
**Austin, Texas 78701**

## V.

Plaintiff, United States of America, further moves the Court to order that, pursuant to Fed. R. Crim. P. 32.2(e) and Title 21 U.S.C. § 853(p), the United States shall, at its option, be entitled to the forfeiture of any other property (substitute assets) owned by said Defendant equivalent to the value of the Subject Money Judgment.

**VI.**

Plaintiff, United States of America, further moves the Court to order that, pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), at the time of sentencing of Defendant MATTHEW NELSON TUNSTALL, the Subject Money Judgment be included in his Judgment in a Criminal Case.

WHEREFORE, PREMISES CONSIDERED, the United States of America respectfully moves this Honorable Court to grant this within Motion for Entry of Money Judgment.

Undersigned counsel consulted with counsel for Defendant MATTHEW NELSON TUNSTALL, who indicated that Defendant MATTHEW NELSON TUNSTALL does not oppose this motion.

                                    Respectfully submitted,

                                    COREY R. AMUNDSON
                                    Chief, Public Integrity Section

BY:       */s/ Celia R. Choy*
               Celia R. Choy
               Michael N. Lang
               Trial Attorneys
               Public Integrity Section
               United States Department of Justice
               1301 New York Ave, NW
               Washington, DC 20530
               E-mail: celia.choy@usdoj.gov
               Telephone: (202) 514-1412

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the defendant.

Dated: February 23, 2023　　　　　　　　　/s/   Celia R. Choy
　　　　　　　　　　　　　　　　　　　　Celia R. Choy
　　　　　　　　　　　　　　　　　　　　Trial Attorney