Case 1:21-cr-00223-RP   Document 157   Filed 12/12/23   Page 1 of 6

FILED
DEC 12 2023
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

United States of America

v.

TUNSTALL, MATTHEW NELSON

MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. 3582

Comes now, Matthew Nelson Tunstall, Pro-Se defendant and for his motion for sentence reduction under 18 U.S.C. 3582 and states as follows:

BACKGROUND

1:21-cr-223

1. Matthew Nelson Tunstall is currently incarcerated at FCI Mendota

2. Matthew Nelson Tunstall pleaded guilty

3. Matthew Nelson Tunstall was sentenced to 120 months of imprisonment

4. Matthew Nelson Tunstall is eligible for First Step Act (FSA) credits and currently receives 15 days off for every 30 days of successful programming.

5. Matthew Nelson Tunstall has been actively working towards rehabilitation and has already completed numerous courses and programming while incarcerated.

LEGAL STANDARD

On April 5, 2023 and August 24th, 2023, the U.S. Sentencing Commission voted on a number of changes to the U.S. Sentencing Guidelines under 4C1.1 it provides that defendants with qualifying criminal history receives a 2 - level decrease made retroactive as of November 1st 2023.

In accordance, Matthew Nelson Tunstall:

1. Did not receive a terrorism adjustment under 3A1.4
2. Did not use violence or threats of violence in offense
3. Did not commit an offense resulting in death or serious bodily injury or sex offense
4. Did not personally cause substantial financial hardship
5. Did not possess a gun or other dangerous weapon or get someone else to do so
6. Did not commit an offense involving individual rights or;
7. Did not receive a 3B1.1 role adjustment

Further, the Commission is required by 28 U.S.C. 944(a)(2) to develop general policy statement regarding application of the guidelines or other aspects of sentencing that in the view of the Commission would further the purposes of sentencing 18 U.S.C. 3582(c). In doing so, the Commission is authorized and required by 28 U.S.C. 994(t) to "describe what should be considered extraordinary and compelling reasons for sentencing reduction, including criteria to be applied and a list of specific examples." This policy statement implements 28 U.S.C. 994 (a)(2) and (t).

3553 ANALYSIS

Further the factors set forth in 18 U.S.C. Section 3553(a) mandates that when determining a defendant's sentence, the court must "impose a sentence sufficient, but not greater than necessary" by considering the following:

1. The nature and circumstances of the offense and the history and characteristics of the defendant
2. The need for sentence imposed:

(A): To reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense
(B): To afford adequate deterrence to criminal conduct
(C): To protect the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
3. The kinds of sentences available
4. The kinds of sentence and the sentencing range established for the applicable category of offense committed established for the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines.
5. Any pertinent policy statement issued by the Sentencing Commission
6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct and
7. The need to provide restitution to any victims of the offense

5. Whereas defendant acknowledges the nature and circumstances of the offense were serious. Defendant engaged in an act of crime. At the same time, the conduct ended over 3 years ago. The offense did not involve violence, bodily injury, or dangerous weapons. On balance this factor does not weigh against the defendant.

6. Defendant's history and characteristics are positive:

a. On all accounts, defendant wants to be a loving future father
b. Defendant is in a stable relationship
c. Defendant has a lengthy work history
d. Defendant has a promising release plan upon returning to society

7. Moreover, as demonstrated in defendant's letter, he shows remorse for his crimes. This shows substantial post offense rehabilitation. United States v. Rengifo 569 F. Supp 3d 180,195 (S.D.N.Y. 2021), "The relevance of rehabilitation to a motion for a sentence reduction is not whether the defendant's motivations were saintly, what matters is whether he has demonstrated a record of maturation and rehabilitation that makes it unlikely he will pose a future risk to public safety and likely he will contribute productive to society instead of returning to criminal activity."

8. The court previously determined that a term of incarceration was appropriate to account for the need "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence," "and protect the public." Defendant is not asking the court to reconsider that determination. Point is merely, that given the changes by the United States Sentencing Commission, a reduction of sentence under 4C1.1 is warranted.

To this end:

a. Full compliance under supervision by U.S. Pretrial Services with no incidents or reports
b. Self surrendered to his place of designation
c. This is further confirmed by defendant's exemplary behavior in custody with zero disciplinary actions.
d. He is actively participating in First Step Act programming
e. He maintains prison employment and receives satisfactory performance reviews
f. BOP scores defendant as "low" recidivism
g. Due to all of the above, the court should conclude that the defendant's risk to the community is therefore limited Rengifo, 569 F. Supp 3d. at 195 "finding excellent disciplinary record weighed in favor of granting his motion for sentencing modification."

9. Defendant's request is also consistent with Section 3553(a)(3)'s requirement that the court consider "the kinds of sentences available." In fact a modification of the existing term is clearly authorized under 4C1.1

10. Further, to the point of the need to avoid unwarranted sentence disparities, the U.S. Sentencing Commission on August 24th, 2023, made 4C1.1 amendment retroactive; and if there indeed exists sentence disparities, defendant's sentence reduction is warranted based on the unique facts of this case.

11. Thus Matthew Nelson Tunstall pleaded guilty. The sentence reduction permitted through United States Sentencing Guidelines 4C1.1 does reflect the seriousness of the crime and defendant is currently incarcerated at FCI Mendota.

12. Further, the BOP has scored defendant as a "low" risk recidivism

13. Further, Matthew Nelson Tunstall has zero disciplinary actions since being in BOP custody

14. Thus Matthew Nelson Tunstall meets all criteria referenced above and is entitled to the retroactive 2 level decrease under 4C1.1

15. Matthew Nelson Tunstall judgement and sentence should be amended accordingly. Specifically, defendant is requesting this honorable court to issue an amended judgement of a reduction in sentence of 24 months. All other terms of supervision should remain the same.

CONCLUSION

WHEREFORE due to all of the above, defendant Matthew Nelson Tunstall respectfully requests this court to grant his 2 level reduction under 4C1.1 and issue an amended judgement of a reduction in sentence of 24 months.

Respectfully submitted,

Matthew Nelson Tunstall
BOP Inmate ID: 73685509
FCI Mendota
P.O. Box 9
Mendota, CA 93640

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion for reduction of sentence under 18 U.S.C. 3582 was forwarded by regular U.S. mail to United States Attorney Office, this 8th day of December, 2023.

Matthew Nelson Tunstall
BOP Inmate ID: 73685509
FCI Mendota
P.O. Box 9
Mendota, CA 96340

Tunstall's Release Plan

Pursuant to 28 C.F.R. 571, 61(a)(2) and Program Statement 5050.502 the following information constitutes Tunstall's Release Plan:

Place of Residence: Upon release, Tunstall plans on residing at his wife's home in Los Angeles, California

Means of Support: Upon release, Tunstall plans on continuing his career in business

Healthcare: Tunstall aims to apply for health care insurance upon release for him. Recently released inmates are eligible to apply for health care (special application period) within 60 days of release.

Dear Clerk of The Court:

Please see attached for filing under case TUNSTALL, MATTHEW NELSON

a. Pro-Se Motion for Reduction of Sentence under 18 U.S.C. 3582
b. Letter from defendant
c. Individualized Needs Plan
d. Certificate of Service
e. Certificate of completion of courses

Respectfully,
MATTHEW NELSON TUNSTALL
BOP Inmate ID: 73685509
FCI MENDOTA
P.O. BOX 9
MENDOTA, CA 96340

RECEIVED
DEC 12 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY