UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | CRIMINAL NO. A-21-CR-223-RP |
| § | |
| MATTHEW NELSON TUNSTALL, § | |
| § | |
| Defendant. § | |

**GOVERNMENT'S OPPOSITION TO DEFENDAN'T MOTION FOR A REDUCTION IN SENTENCE PURSUANT TO U.S.S.G. § 4C1.1**

Having served only several months of a 120-month term of imprisonment, the defendant Matthew Tunstall has filed a motion pursuant to 18 U.S.C. §§ 3582(c)(2) and 3553(a) asking this Court to consider a reduction in his sentence based upon the United States Sentencing Commission's adoption and retroactive application of amendments to the United States Sentencing Guidelines for certain offenders with zero-criminal history points. ("Def. Mot.") Because the defendant is ineligible for such relief under the Guidelines and has failed to establish grounds for the reduction sought, the Court should deny the defendant's request.

## BACKROUND

On April 24, 2023, the defendant was sentenced to 60 months and 120 months incarceration, to run concurrently, for convictions for one count of conspiracy to commit wire fraud and cause false statements to the Federal Election Commission ("FEC") and one count of money laundering stemming from his involvement in a multi-year scheme to defraud thousands of victims in a nationwide, political fundraising scam that tricked small donors into contributing millions of dollars to sham political action committees that he controlled. As part of this scheme, the defendant intentionally misrepresented to victims that these PACs would use their contributions to support the leading candidates and their campaigns in the 2016 Presidential

Election. Rather than use the donations to support these and other causes, the defendant misappropriated nearly every cent of those contributions for his own personal benefit, the benefit of his co-conspirators, the benefit of his PACs and preferred vendors, and the benefit of his companies and business ventures unrelated to the PACs. The defendant also laundered the fraudulently generated proceeds through one of his vendors, manipulated mandatory reports to the FEC to cover his tracks, and provided false and highly misleading information to federal and state authorities, to vendors, and even to those in his employ to conceal his fraudulent, criminal conduct.

At sentencing, the Court calculated the defendant's adjusted offense level as 34, which included several Guidelines adjustments that affected the defendant's base offense level. Among these, the Court found that the defendant qualified for a 4-point aggravating role adjustment under § 3B1.1 as the leader of the criminal scheme for which the defendant was convicted. *See* Sentencing Hr'g Tr. 4/24/23, at 26:19-23 ("I do find, based on everything that was done here – the robocalling, the radio, the other advertisement[s]—that this was, in the opinion of the court, an extensive criminal activity and that the role in the offense should lead to four additional levels [under 3B1.1]"). Despite the recommended Guidelines sentencing range of 151 to 188 months for an adjusted offense level of 34, the Court varied downward and sentenced the defendant to 120 months for his criminal involvement having considered all the factors outlined in 18 U.S.C. § 3553(a). *See id.* at 44-45.

## ARGUMENT

The defendant bases his request on 18 U.S.C. § 3582(c)(2), which (subject to various conditions) authorizes a federal court to "reduce [a defendant's] term of imprisonment" if the court based that sentence "on a sentencing range that has subsequently been lowered by the [U.S. Sentencing] Commission." Section 3582(c)(2) thereby lets defendants benefit from intervening

amendments to the Guidelines by giving them "the sentence [they] would have received if the revised Guidelines had applied at the time of [their] sentencing." *See e.g.*, *United States v. Lopez*, 989 F.3d 327, 338 (5th Cir. 2021).  The defendant relies on recently amended and adopted Guideline Section 4C1.1, which provides for a two-level reduction in the offense level for offenders with no criminal history points if none of nine exclusionary factors applies.

In support of his request, the defendant argues that certain factors exist that support a reduction, among them good conduct while incarcerated, his remorse, the low likelihood of recidivism, and, expressly, a statement averring that he "did not receive a 3B1.1 [Aggravating Role] adjustment." *See* Def. Mot. a 1.  Because of these factors, the defendant asks the Court to "2 level reduction under 4C1.1 and issue an amended judgment of a reduction in sentence of 24 months." *Id.* at 3.

The defendant's argument lacks merit and fails on two primary grounds.  First, the defendant is ineligible for the relief request because, contrary to the representations in his motion for a sentence reduction, the Court did impose a 4-point aggravating role adjustment for the defendant's role in the offense, one of the exclusionary factors in a 4C1.1 reduction.  That finding renders the defendant ineligible to receive a sentencing adjustment under Section 4C1.1 because he "receive[d] an adjustment under § 3B1.1 (Aggravating Role)." *See* U.S.S.C. § 4C1.1(10).

Next, even were the defendant eligible, the defendant's non-Guidelines 120-month sentence still falls *below* the prospective recommended Guidelines range were the Court to consider and accept a two-level guidelines reduction (i.e., a reduction of the defendant's adjusted offense level to 32).  At an adjusted offense level of 32, the defendant's recommended Guidelines sentencing range would have been 121 to 151 months incarceration, one month *above* the defendant's 120-month sentence.  Accordingly, the defendant has not established that he was

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered, on this ground, the defendant's request should also be denied.

Finally, although the defendant highlights certain facts that demonstrate that he is habituating well into his new carceral environment and that he, like many others, is missed by family members outside of prison, the defendant has failed to demonstrate any extraordinary or compelling circumstances that warrant a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1). The Court should rely on the extensive sentencing record that fully accounted for the nature and seriousness of the crimes for which the defendant was convicted and sentenced which affirm that the 120 month sentence rendered is a just and appropriate sentence considering the defendant's criminal offenses.

**CONCLUSION**

Because the defendant is ineligible for the relief sought based on the Court's finding that he acted leader-organizer under U.S.S.G. § 3B1.1; the fact that he was not sentenced to a term of imprisonment that has subsequently been lowered; and his failure to show extraordinary and compelling circumstances for a sentencing reduction under 18 U.S.C. § 3582(c)(1), the defendant's motion for a reduction should be denied.

DATED:     December 29, 2023

                                          Respectfully submitted,

                                          COREY R. AMUNDSON
                                          Chief, Public Integrity Section

BY:    */s/ Michael N. Lang*
        Michael N. Lang
        Celia R. Choy
        Trial Attorneys
        Public Integrity Section
        United States Department of Justice
        1301 New York Ave, NW
        Washington, DC 20530
        E-mail: Michael.Lang@usdoj.gov
        E-mail: Celia.Choy@usdoj.gov
        Telephone: (202) 514-1412

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and mailed a paper copy of this filing to the defendant as follows:

Matthew Nelson Tunstall
BOP Inmate ID: 73685509
FCI Mendota
P.O. Box 9
Mendoza, CA 93640

Dated: December 29, 2023         /s/ Michael N. Lang
                                 Michael N. Lang
                                 Celia R. Choy
                                 Trial Attorneys