UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MATTHEW NELSON TUNSTALL,** *Petitioner* § § § | |
| v. § § § | No. 1-24-CV-00495-RP No. 1-21-CR-00223-RP |
| **UNITED STATES OF AMERICA,** *Respondent* § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Matthew Nelson Tunstall's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. 165. The undersigned submits this report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. The undersigned recommends denying Tunstall's motion.

## I.   BACKGROUND

Tunstall was indicted on wire fraud and money laundering charges based on a political-fundraising scam wherein Tunstall and his associates created fake political-action committees ("PACs") to solicit donations that Tunstall and his associates used for their own personal benefit. *See* Dkt. 3. Tunstall pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to commit wire fraud and to cause false statements to the Federal Election Commission, in violation of 18 U.S.C. § 371, and

1

one count of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. Dkt. 92, at 1-3. As recounted in the factual basis for the plea agreement, Tunstall admitted that two of the PACs Tunstall operated received approximately $3.96 million in contributions from donors who thought their funds were being used to support political candidates. Dkt. 93, at 3-4.

At sentencing, Tunstall argued that the loss amount, a sentencing enhancement relevant to calculating his guideline sentencing range, should either be lowered from the $3.96 million advocated by the Government to take into account the "legitimate services" Tunstall's PACs provided while operating the fraudulent political-fundraising scheme or be based solely on the gain to Tunstall rather than the loss to victims. Dkt. 123, at 1-12. The District Judge rejected Tunstall's argument, finding instead that the Government "ha[d] proved by a preponderance of the evidence that the loss amount was at least $3.9 million," and sentenced Tunstall accordingly. Dkt. 154, at 11-12, 45. Although Tunstall's guideline sentencing range was 151 to 188 months, he was sentenced to 120 months of incarceration followed by three years of supervised release. *Id.* at 26, 45; Dkt. 138.

Tunstall has now filed a § 2255 motion asking the Court to vacate his conviction and set his case for trial based on a claim of ineffective assistance of counsel. Dkt. 165. The Government filed a response in opposition to Tunstall's motion to vacate his conviction. Dkt. 168.

## II. LEGAL STANDARD

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude … and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A petitioner's claim that he received ineffective assistance of counsel is a mixed question of law and fact which is reviewed *de novo. United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

## III. DISCUSSION

To prevail on his ineffective-assistance-of-counsel claim, Tunstall must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's

deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88, 694 (1984); *Chavez*, 193 F.3d at 378 ("In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof."). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Armstead v. Scott,* 37 F.3d 202, 210 (5th Cir. 1994); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Tunstall raises one claim of ineffective assistance of counsel, arguing that his counsel was deficient in failing to inform Tunstall of his right to plead guilty to the indictment without a plea agreement. Dkt. 165, at 6-11. Through his plea agreement, Tunstall agreed to waive "all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution." Dkt. 92, at 6. Tunstall now contends that had he known he could have pleaded guilty without an agreement, he would have done so to be able to appeal the loss amount the District Judge adopted at his sentencing. Dkt. 165, at 10-11.

At sentencing, the District Judge considered Tunstall's argument that the loss amount used to calculate his sentencing advisory guideline range should be determined based on Tunstall's gain (rather than the total loss to victims) since, according to Tunstall, he performed some legitimate services in promoting certain political candidates as a part of his fraudulent scheme. Dkt. 154, at 2-12. The District Judge overruled Tunstall's objections to the Government's proposed loss amount,

4

sentenced Tunstall to a below-guidelines sentence of 120 months incarceration followed by three years of supervised release, and ordered Tunstall to pay $789,818 in restitution. *Id.* at 45; *see also* Dkt. 138. In rejecting Tunstall's arguments that the loss amount should be lowered, the District Judge found that the Government "ha[d] proved by a preponderance of the evidence that the loss amount was at least $3.9 million." Dkt. 154, at 11-12.

Because Tunstall cannot show that, but for his counsel's failure to inform him of his right to plead guilty without a plea agreement, the outcome of his proceedings would have turned out differently, his ineffective-assistance-of-counsel claim fails. Initially, Tunstall does not argue that he would have received a more favorable sentence if he had pleaded guilty without a plea agreement. *See* Dkt. 165. In any event, his below-guidelines sentence counsels against such a finding, especially given that "open pleas generally result in longer sentences[.]" *United States v. Guice*, No. 3:08CR140-DPJ-LRA, 2012 WL 2133651, at *5 (S.D. Miss. June 11, 2012). Tunstall instead argues that he was prejudiced by his inability to present a "novel and imaginative argument" to the Fifth Circuit regarding the proper method for calculating the loss amount for sentence-enhancement purposes. Dkt. 165, at 10.

Yet Tunstall cannot demonstrate a "reasonable probability" that the "novel and imaginative argument" he would have presented on appeal "would have won." *Id.* at 10; *United States v. Redd*, 619 F. App'x 333, 337 (5th Cir. 2015). To start, the district court is afforded "wide latitude to determine the amount of loss" and its determination is reviewed for clear error. *United States v. Jones*, 475 F.3d 701, 705

(5th Cir. 2007) ("The district court receives wide latitude to determine the amount of loss[.]" (citation omitted)). Nor is there any question that the District Judge here "applied an acceptable method of calculating the amount of loss" since the Fifth Circuit has countenanced the use of "the full amount paid by victims" as the proper loss amount even where defendants have argued that they "did real work" as part of their fraudulent scheme. *United States v. Read*, 710 F.3d 219, 231 (5th Cir. 2012) (rejecting defendants' argument that "the total amount paid by the victims was not the correct loss amount because the defendants 'did real work' to earn most of that money, and that they should have been penalized only to the extent they were overpaid for non-reimbursable ambulance runs").

Even in the unlikely event that, had Tunstall been able to appeal, the Circuit found the District Judge to have committed clear error in calculating the loss amount, any such error would be harmless. The District Judge considered both possible guidelines ranges and indicated that it would have imposed the same sentence either way based on the "extremely serious" nature of Tunstall's crime and the need to afford adequate deterrence to Tunstall and others. *See* Dkts. 154, at 40-46 ("I cannot underestimate the seriousness of this offense when I'm determining what would provide just punishment."); 168, at 11 (emphasizing that Tunstall's sentence of imprisonment was still below what the guidelines range would have been using his proposed loss amount); *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017) ("One way [to show harmless error if the wrong guidelines range is employed] is to show that the district court considered both ranges (the one now found incorrect

6

and the one now deemed correct) and explained that it would give the same sentence either way."); *see also United States v. Kinzy*, No. 22-30169, 2023 WL 4763336, at *9 (5th Cir. July 26, 2023), *as revised* (Aug. 24, 2023), *cert. denied*, 144 S. Ct. 2682 (2024) (finding that the district court considered both possible guidelines ranges where rejected "range featured prominently in the parties' written sentencing materials and at the sentencing hearing"). Tunstall cannot show that any prejudice resulted from his counsel's failure to advise him of his right to plead guilty without a plea agreement because he cannot show that his argument on appeal has a reasonable probability of success or that any error in the District Judge's calculation of the loss amount was not harmless.[1]

Because Tunstall cannot show that he was prejudiced by his counsel's failure to advise him that he could plead guilty without a plea agreement, Tunstall's ineffective-assistance-of-counsel claim lacks merit and can be denied without a hearing. *U.S. v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." (citing *U.S. v. Auten*, 632 F.2d 478 (5th Cir. 1980))).

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Matthew Nelson Tunstall's Motion

---

[1] Because Tunstall has failed to show prejudice, the undersigned will not address whether Tunstall's counsel was deficient for failing to inform Tunstall of his right to plead guilty without a plea agreement. *See Armstead*, 37 F.3d at 210; *Strickland*, 466 U.S. at 697.

7

to Vacate, Set Aside, or Correct Sentence, Dkt. 165. The referral in this case is **CANCELED**.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended on February 1, 2010, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability should not be issued.

## VI.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 24, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE