UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIM. NUMBER 1:21-CR-00223-RP |
| § | CIVIL NUMBER 1:24-CV-00495-RP |
| MATTHEW NELSON TUNSTALL § | |

### MATTHEW NELSON TUNSTALL OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now MATTHEW NELSON TUNSTALL, by and through his attorney of record in the above styled and numbered cause, and files this Matthew Nelson Tunstall Objections to the Report and Recommendation of the Magistrate Judge, and in support would show the Court as follows:

### SUMMARY

This summary is from the Motion to Vacate filed by Tunstall pursuant to 28 U.S.C. §2255 and accurately sets forth the basis of the motion:

Tunstall was indicted in an eight-count indictment with Conspiracy to Commit Wire Fraud, Wire Fraud and Money Laundering. Counsel for Tunstall was appointed to represent Tunstall. Tunstall, from the beginning, informed Counsel that he did not want to go to trial but would rather plead guilty. Although knowing this, Counsel discussed the merits of trial and pleading guilty *pursuant to a negotiated plea agreement with the government.* At no time did Counsel discuss with Tunstall his right to plead guilty to the indictment *sans* a negotiated plea agreement. The issue at odds between the parties was primarily the calculation and basis for the loss amount according to the United States Sentencing Guidelines.

Tunstall entered a plea of guilty to two of the eight counts pursuant to a plea agreement wherein he waived his right to appeal the sentence. At the sentencing hearing, Counsel argued

1

that the loss calculation was in error. The facts were not in dispute, simply the basis of loss. The Court denied Counsel's objection to the calculation and sentenced Tunstall in accordance with the presentence calculation. Because Tunstall waived his right to appeal, he had no recourse to appeal the legal basis for the loss calculation. Had he been advised of his right to plead to the indictment without a plea agreement and retain the right to appeal, he would have.

### **THE ISSUE PRESENTED: INEFFECTIVE ASSISTANCE OF COUNSEL**

The single issue presented in the motion was whether the trial counsel rendered ineffective assistance of counsel, by failing to inform and advise Tunstall of his right to plead guilty without a plea agreement and thereby preserving his right to appeal.

As set forth in the motion, it is error to not inform the accused of his right to plead guilty without a plea agreement and not waive the important right to appeal the outcome. In this case, Tunstall's counsel had an argument that the loss amount was incorrect and that a different way of calculating loss was more accurate and would result in a lower guideline range and punishment.

The right to appeal was waived as a result of entering into the plea agreement. The harm is losing the right to appeal and the chance of arguing the alternative calculation of loss on appeal and prevailing on that issue.

### **TUNSTALL'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

The Magistrate Judge's report accurately outlines the law on ineffective assistance of counsel as well as the standard of review. The quarrel and objection are with the conclusion and recommendation that no harm occurred and therefor no need to review Counsel's job for falling below the acceptable standard.

To be clear and succinct: The first objection is to the findings of the Magistrate Judge's that there was no harm in this case. The loss of the right to appeal and to present a valid argument to the Circuit Court of an alternative approach to calculating loss is harm.

And the second objection to the report is that in so finding no harm, the report fails to render a finding that counsel failed to meet the acceptable standard for effective counsel. The error is clear: Tunstall's decision to plead pursuant to a plea agreement that waives the right to

appeal was not valid. It was not a knowingly and intelligently entered.

"…if trial counsel did indeed fail to inform Defendant that h could enter an open plea of guilty without a plea agreement with the government, and if counsel did not discuss with Defendant the possibility and consequences of an open pea, then trial counsel was deficient in the regard." <u>United States v. Essien</u>, 2014 WL 7345714.

Interestingly, the Report and Recommendation states that, because the sentencing judge varied from the guidelines and that the sentence would be the same misses the point and begs the question: What if the sentencing judge isn't the same at the resentencing? In this case, that is the situation we find ourselves. The judge who sentenced Tunstall suddenly retired from the bench and is no longer with the Court. What if the Circuit Court found the argument persuasive and remanded the case to a new judge for resentencing? Could the new judge find that the sentence should be adjusted to a new, lower sentence given the remand and the restitution amount lower?

"A defendant may plead not guilty, guilty, or (with the court's consent) nolo contender." It does not require that a guilty plea be pursuant to a plea agreement. Rule 11, FRCP

The Defendant to prove that Counsel's performance was so defective as to violate his constitutional right to the effective assistance of counsel, he must show that the performance fell below an objective standard of reasonableness. Then, he must show that there is a reasonable probability that, but for the defective performance, the result would be different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984

Tunstall entered into a plea agreement waiving his appellate right for circuit court review. Thus, he could not challenge his conviction or sentence in a direct appeal. His only remedy left is collateral review.

Counsel never advised Tunstall that he could enter a plea of guilty without an agreement. The government was seeking to argue for and achieve many of the adjustments upward. In the agreed factual basis, the parties agreed to many of the elements that would support the enhancement. The sole issue of contention was to be the calculation of loss.

The deficiency is, knowing that Tunstall had a legitimate legal argument for reducing the amount of loss, Counsel waived only recourse… the right to appeal.

The resulting harm is that, although a novel and imaginative argument for loss

calculation, the argument stops in the District Court. In waiving the appeal, Tunstall could not advance, and win, the argument in the Circuit Court. An open plea would allow that.

## CONCLUSION

For the foregoing reasons, Tunstall respectfully objects to the Magistrate Judge's Report and Recommendation. The Defendants' Motions to Dismiss should be denied, and in the alternative, the Court should issue a Certificate of Appealability.

Respectfully submitted,

_____
Daniel H. Wannamaker
Counsel for Tunstall
13809 Research Blvd., ste 500
Austin, Texas 78701
TX Bar No. 20834300
512.236.9929 office
512.233.5979 fax
dhw@wannamakerlaw.com

## CERTIFICATE OF SERVICE

I, Daniel H. Wannamaker, hereby certify that on November 14, 2024, I electronically filed the foregoing objections to the report and recommendation with the clerk for the U.S. District Court, Western District of Texas, using the electronic filing system for the court, which will provide service to all parties of record.

_____
Daniel H. Wannamaker